UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| LANNY ALLEN MARKLAND, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-CV-00009-JRG-CRW ) |
| CLYDE GARLAND, CITY OF ELIZABETHTON, TN, and CARTER COUNTY JAIL AND STAFF, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a former inmate of the Carter County Jail now incarcerated in Virginia, has filed an amended pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 5] and a motion to appoint counsel [Doc. 6]. For the reasons set forth below, this action will proceed only as to Plaintiff's claim that Defendant Garland used excessive force against him in violation of his Eighth Amendment rights and John Doe Officers observed the uses of force but did not intervene, and Plaintiff's motion to appoint counsel [*Id.*] will be **DENIED**.

## I. AMENDED COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under

[28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

In his amended complaint, Plaintiff alleges that on July 22, 2020, while he was being cooperative and not resisting arrest, Defendant Garland assaulted him while he was handcuffed by grabbing him and slamming his face into a metal gun safe, then took Plaintiff's handcuffs off and attempted to provoke Plaintiff to fight him, before he slammed Plaintiff onto a table and put his handcuffs back on [Doc. 3 at 3–4]. Plaintiff also alleges that various officers witnessed this episode without intervening, and that one such officer told Defendant Garland to watch out for the camera [*Id.* at 4]. Plaintiff has sued Defendant Garland, the Carter County Jail and Staff working from 7 p.m. to 7 a.m. on July 22-23, 2020 that were on camera during this assault, and the City of

2

Elizabethton [*Id.* at 3].  As relief, Plaintiff seeks monetary damages and to have Defendant Garland charged with assault and fired [*Id.* at 5].

However, as the Court noted in its previous order, neither the Carter County Jail nor its Jail Staff is a person that may be sued under § 1983.  *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under §1983"); *Artry v. Wilson Cty. Jail*, No. 3:19-CV-00309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019) (holding that neither a county jail nor a group of its officers are entities subject to suit under § 1983) (citations omitted).  Moreover, Plaintiff has set forth nothing from which the Court can plausibly infer that Carter County or the City of Elizabethton may be liable under § 1983 for the incident underlying his complaint.  *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").  Thus, these Defendants will be **DISMISSED**.

Also, as to Plaintiff's request that Defendant Garland be charged with assault, Plaintiff does not have a protected interest in another individual's prosecution.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (providing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").  Thus, this request for relief is not cognizable and will be **DISMISSED**.

However, as Plaintiff has adequately alleged that Defendant Garland used excessive force against him while unnamed officers observed but did not intervene, these claims will proceed.  But

3

as the proper way for Plaintiff to have sued these unnamed officers was as John Does, the Clerk will be **DIRECTED** to add John Doe Officers as Defendants on the Court's docket sheet.[1]

## II. MOTION TO APPOINT COUNSEL

As noted above, Plaintiff has also filed a motion to appoint counsel [Doc. 6].[2] However, appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As noted above, this action is proceeding only as to Plaintiff's claims that Defendant Garland used excessive force against him while unnamed officers observed but did not intervene, which are not legally or factually complex. Moreover, Plaintiff has demonstrated his ability to adequately present his claims through his filings. Accordingly, Plaintiff is not entitled to appointment of counsel and this motion [*Id.*] will be **DENIED**.

## III. CONCLUSION

For the reasons set forth above:

---

[1] Plaintiff is **NOTIFIED** that if he fails to properly name these John Doe officers prior to expiration of the statute of limitations for his claims, these Defendants will be dismissed. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that adding new, previously unknown Defendants in the place of Doe defendants is not equivalent to substituting parties, but rather amounts to addition of parties, and that Rule 15(c) offers no remedy to a plaintiff seeking to do so after the statute of limitations has passed).

[2] Plaintiff also seeks to proceed without prepayment of fees in this motion [Doc. 6 at 1]. However, the Court has already granted Plaintiff leave to proceed *in forma pauperis* in this action [Doc. 4 at 1–2, 4–5]. Accordingly, this request is moot.

4

1. Defendants City of Elizabethton and Carter County Jail and Staff are **DISMISSED** as the amended complaint fails to state a claim upon which relief may be granted under § 1983 as to them;

2. The Clerk is **DIRECTED** to add John Doe Officers as Defendants in this action;

3. Also, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Garland;

4. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this memorandum and order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Federal Rule of Civil Procedure 4;

5. Plaintiff is **NOTIFIED** that failure to return the completed service packet within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

6. Defendant Garland shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Garland fails to timely respond to the complaint, any such failure may result in entry of judgment by default against him; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
